- 2241 Form Original and 3 copies
- Continuation or Additional page 6 grounds
- Exhaustion Addendum
- Other documents that support my claim
- Answers from BOP for grounds 1-5 And for ground 6

RCVD USDC FLND PN
NOV 18 '24 AM11:39

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_____ DIVISION

## § 2241 HABEAS CORPUS PETITION FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241 OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

NOEL QUINTANA,

Inmate/Alien # 28864510

FPC PENSACOLA
NOEL QUINTANA - 28864510
PO BOX 3949 PENSACOLA FL 32516

(Enter full name of Petitioner,
prison number or alien [A] number, if applicable,
AND address of place of confinement.)

vs.

S. Saulsberry / WARDEN FPC PENSACOLA,
_____,
_____,
_____.

CASE NO: 3:24CV583-LC-MAL
(To be assigned by Clerk)

(Enter name and title of each Respondent.
If additional space is required, use the blank
area below and directly to the right.)

**ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM**

FILED USDC FLND PN
NOV 18 '24 AM 11:39

## ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

    (a). ☐ a conviction
    (b). ☐ a sentence
    (c). ☐ prison disciplinary action or other action resulting in lost gain time credits
    (d). ☐ parole
    (e). ☐ immigration/removal
    (f). ☑ other (explain): **CREDIT FOR TIME IN OFFICIAL Detention AND FSA eligibility date**

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

    (a). Name(s) and location(s) of court: **Southern District of Florida**
    (b). Case Number(s): **21-20245-CR-UNGARO/REID**
    (c). Charge(s) for which you were convicted: **18: 371 Conspiracy  18: 545 Smuggling  16: 3372 Failure to Declare**
    (d). What was your plea? (Check one)
        (1) Not Guilty ☐
        (2) Guilty ☑
        (3) Nolo contendere ☐

    (e). Did you appeal from the judgment of conviction?   Yes ☐    No ☑

3. If you did appeal, answer the following:

    (a) Name of Court: **N/A**                                Case #: **N/A**
    (b) Result: **N/A**
    (c) Date of opinion and mandate (citation, if known): **N/A**

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

    (a) Have you filed a motion under 28 U.S.C. § 2255?
        Yes ☐    No ☑

    If yes, please provide the case #, where filed, relevant date(s), and the results: **N/A**

    (b). Explain why the remedy under § 2255 was or is inadequate or ineffective: **N/A**

5. Are you currently represented by counsel in this case or in any other court case?

   Yes ☐   No ☑

   If yes, please explain: ___N/A___

6. If this case concerns removal proceedings:
   (a) Date of final order of removal: ___N/A___
   (b) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐   No ☐

7. In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. Conclusions that are not supported by specific facts are insufficient. You may attach additional pages if necessary to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

   (a). Ground one: ___Please see Additional page for ground 1___

   Supporting FACTS (state briefly without citing cases or law): ___Please see Additional page for supporting facts of ground 1___

   Exhaustion:
   [1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
       Yes ☑   No ☐
   If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: ___Please see Addendum for Exhaustion___

   [2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?   Yes ☐   No ☑

   If yes, please provide the results of the proceeding(s) and the relevant date(s).
   ___N/A___

   (b). Ground two: ___Please see Additional page for ground 2___

   Supporting FACTS (state briefly without citing cases or law): ___Please see Additional page for supporting facts of ground 2___

   Exhaustion:
   [1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

    Yes ☑  No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: **PLEASE SEE Addendum FOR EXHAUSTION**

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?  Yes ☐ No ☑

If yes, please provide the results of the proceeding(s) and the relevant date(s).
**N/A**

(c). Ground three: **PLEASE SEE Adendum or Additional page for ground 3**

Supporting FACTS (state briefly without citing cases or law): **PLEASE SEE additional page for supporting facts for ground 3**

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes ☑  No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: **PLEASE SEE Addendum FOR EXHAUSTION**

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?  Yes ☐ No ☑

If yes, please provide the results of the proceeding(s) and the relevant date(s).
**N/A**

(d). Ground four: **PLEASE SEE Additional page for ground 4**

Supporting FACTS (state briefly without citing cases or law): **PLEASE SEE additional page for supporting facts for ground 4**

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes ☑  No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: _Please see Addendum for Exhaustion_

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?     Yes ☐   No ☑

If yes, please provide the results of the proceeding(s) and the relevant date(s). _N/A_

(e).   Ground five: _Please see Additional page for ground 5_

Supporting FACTS (state *briefly* without citing cases or law): _Please see Additional page for supporting facts of ground 5_

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
     Yes ☑    No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: _Please see addendum for Exhaustion_

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?     Yes ☐   No ☑

If yes, please provide the results of the proceeding(s) and the relevant date(s). _N/A_

(f).   Ground six: _Please see Additional page for ground 6_

Supporting FACTS (state *briefly* without citing cases or law): _Please see Additional page for supporting facts of ground 6_

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
     Yes ☑    No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: __PLEASE SEE ADDENDUM FOR EXHAUSTION__

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?    Yes ☐   No ☑

If yes, please provide the results of the proceeding(s) and the relevant date(s).
__N/A__

8. WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the following relief: __PLEASE SEE point 8 on the additional page__

## DECLARATION

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

__11/11/24__
(Date)

__[signature]__
Signature of Petitioner

## IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
☐ delivered to prison officials for mailing, or  ☐ deposited in the prison's internal mail system on:
_____(date).

_____
Signature of Petitioner

TRULINCS 28864510 - QUINTANA, NOEL - Unit: PEN-B-A

---

FROM: 28864510
TO:
SUBJECT: Petition 2241 Pro Se. Continuation Page
DATE: 11/03/2024 02:39:29 PM

===== Petition 2241 Additional Page for Grounds, Facts and Relief=====

This is a Novel case, I believe no other court has previously decided on a case with a similar set of facts. This may create a precedent.

7. Grounds which support my claim.

Ground One: The BOP has failed to credit me 16 months of prior custody for Official Detention under Title 18 USC 3585(b).
a) Supporting facts: I was detained in an apartment in Montenegro for 16 months, from 6/25/2021 to 10/26/2022, under police custody for 24 hours due to an International Arrest Warrant based on a federal detention order for extradition purposes following the indictment on my case 21-2045-CR-Ungaro/Reid, which per definition, constitutes official detention. See attached page #2 of PSI report showing "detention" and not "release" in Montenegro on June 24, 2021.
Exhaustion: [1] YES. Resulted in denial. Please see addendum about exhaustion.

Ground Two: The BOP erred by arguing that I was placed in home confinement and a ban to leave the apartment was placed on the same day and that a "release" condition that is highly restrictive is not considered as time in official detention.
a) Supporting Facts: Document from the court in Montenegro(*) shows that the court imposed a supervision measurement of prohibition to leave apartment enforced by local police. I was detained under an International Arrest Warrant. There is absolutely no mention to any "release" or home confinement or any condition of bond or own recognizance as it is specifically mentioned on the Official Detention definition.
Exhaustion: [1] YES. Resulted in denial. Please see addendum about exhaustion.

Ground three: The BOP is in contravention of its own program statement 5880.28 page 1-14G(*) which states that Official Detention also includes time spent under a detention order when the court has recommend placement in a less secure environment or in a community based program as a pre-sentence detention because overcrowding in the detention center.
a) Supporting Facts: The Court in Montenegro Ordered detention in an apartment which constitutes a less secure environment. Notably as per 2021 (the year in question) Montenegro Human Rights Country Report(*), extract attached, there was overcrowding in the local detention center, a local Lawyers strike and furthermore there was Covid-19 as indicated by Montenegro counsel on letter attached.
Exhaustion: [1] YES. Resulted in denial. Please see addendum about exhaustion.

Ground Four: The BOP is using a section from the Official Detention definition in the context of Reno v. Koray which construed 18 USC 3585(b) and its interaction with the Pretrial Service Act, actual Bail Reform Act.
a) Supporting Facts: In Reno v. Koray a "release on bail order was entered, pursuant to 18 USC 3142(c)", I did not have any release order. Furthermore the Bail Reform Act do not apply to International Extradition proceedings. There is a presumption against Release or Bail in International Extradition cases. Where is the evidence of my release on Bail?
Exhaustion: [1] YES. Resulted in denial. Please see addendum about exhaustion.

Ground Five: The BOP failed to consider that Jail-type conditions is not a requirement for the credit.
a) Supporting Facts: The Supreme Court as well as other Courts in this circuit, have specifically rejected the notion that the determination of whether a person was in official detention depended on whether he or she was subject to Jail-Type confinement. The location of the detention is irrelevant. What matters is the type or order entered by the court. Detained or Release on conditions of bail or bond. I was not released in any condition, not bail nor bond.
Exhaustion: [1] YES. Resulted in denial. Please see addendum about exhaustion.

Ground Six: The BOP has denied my FSA eligibility date to start the date of my sentence (2/14/24) and therefore is depriving me of 98 days of FSA eligibility. Specifically the period between 2/14/24 and 5/22/24.
a) Supporting Facts: I was sentenced in the Southern District of Florida on 2/14/24 case # 21-2045-CR-Ungaro/Reid. After sentencing, I was received in BOP custody at FDC Miami (where I was already held in pretrial detention) waiting to be transported to my designated facility. On 5/22/24 I was transported to FDC Tallahassee where I was 14 days in transit status and therefore not earning FTC's. On 6/5/24 I arrived to FPC Pensacola where I am currently serving my sentence. The 98 days in FDC Miami should have accrued me with about 30 days of FTCs. I have included a page of my Sentencing data issued 4/30/24 (after my sentencing) showing that I was held on custody at BOP FDC Miami on quarters D02-029U.
Notably, during my time at FDC Miami, I had a good behavior, no disciplinary infractions, I did my Trulincs risk assessment

TRULINCS 28864510 - QUINTANA, NOEL - Unit: PEN-B-A

---

survey, never refused to participate in any programing that was available to me, as well as participated in faith-based services, my recidivism has always been at the minimum level.

8. I pray the court will grant me the following relief:
I respectfully request that the Court properly indicate the BOP to follow the law and credit me the 16 months that I spent in Official Detention in Montenegro waiting for extradition to the U.S.A and to change my FSA eligibility date to the date of my sentence 2/14/24, with a time interval of 14 days in transit and not in earning status. That will credit me 30 days of FTCs. It will all make me eligible for release from prison to a halfway house or home confinement.

Thank you, Respectfully

Noel Quintana - 28864510
FPC Pensacola
PO Box 3949, Pensacola, FL 33516

(*) Evidence contained within the enclosed BP-11 appeal. More details are also contained in the BP-11. In addition I also have attached several supporting documents which are properly identified.
If there is any other information or evidence or anything that the court needs, just please let me know, I will be very glad to provide it.

TRULINCS 28864510 - QUINTANA, NOEL - Unit: PEN-B-A

---

FROM: 28864510
TO:
SUBJECT: 2241 Addendum for Exhaustion
DATE: 11/03/2024 05:17:49 PM

========Addendum about Exhaustion to the 2241 Petition==========

I exhausted my administrative remedies for case # 1205982 (grounds 1 to 5 of the 2241) requesting Time Credit for Official Detention 18 USC 3585(b) as follows:
copout sent 06/24/24 response 06/24/24 result: Denied (verbal)
BP-8  sent 07/01/24  responded 07/09/24 result : Denied. Waiting for DSCC response.
BP-9  sent 07/16/24  responded 07/19/24 result: Denied. According to OIA and DSCC I was released to home confinement.
BP-10 sent 07/26/24  expired  08/26/24  result: No response
BP-11 sent 09/16/24  response 10/25/24 result: Refile to Region, no evidence BP-10 was filed.
All administrative remedy copies are attached to this petition including the certified mail tracking receipt.
It should be noted that I first submitted my Foreign Jail Credit Questionnaire (attached with the 2241 petition) on 04/29/24, the whole time credit request process has already lasted almost 7 months.

I also exhausted my administrative remedies for case # 1209177 (ground 6 of the 2241) requesting FSA eligibility date starting the date of my sentence on 2/14/24 instead of the day that I arrived to my designated facility 6/5/24 as follows:
copout sent 07/21/24 responded 07/28//24 result: Denied. (verbal) credits start when you arrive at designated facility.
BP-8  sent 08/6/24   responded 08/9/24 result: Denied. Eligible when at designated facility.
BP-9  sent 08/14/24  responded 08/16/24 result: Denied. Not under BOP custody.
BP-10 sent 08/28/24   expired   09/28/24  result : No response
BP-11 sent 10/09/24   responded 10/25/24 result: Refile at Region, must file at the region.
All administrative remedy copies are attached to this petition including the certified mail tracking receipt.

According to the attached responses from the Central Office (BP-11) to both administrative remedies, the BOP may request a dismissal of this 2241 petition arguing lack of exhaustion of the Administrative Remedy . Specifically stating that the appeals were not received at the Regional Office, that there is no evidence that the appeal was filed to the Region and therefore asking me to refile at the Region level again ; refiling will consequently extend the administrative remedy process for another 30 days at the Region level , 40 days at the Central Office level, plus the additional allotted time for extensions. The process can last for months all over again, prolonging even more my unjustified incarceration when the major purpose of the remedy program is to solve problems and be responsive to issues inmates raise... like for example sentence computations [BOP Program Statement 542.17(b)(3)]. The Central Office could have ask for the evidence that the remedy was submitted to the region instead of ordering to restart the whole process all over again.

The refiling request for the credit for Official detention is moot because:
 1) Conflicts with BOP PS 542.15, time deadlines for appeals to the region that is 20 calendar days from the Warden's signed response on 7/19/24.
 2) BOP's very own Program Statement 5880.28 page 1-94B says: ... "All requests for Foreign Jail Credit credits are to be referred to the Central Office Operations Section"..... why refiling to the region?
 3) As per response to the BP-9 from the Warden, the DSCC based on an investigation from the OIA already denied the credit, the decision was based on wrong or incomplete arguments but these are the instances of the BOP who handle these type of credits, there is no appealability at the Regional level .
Refiling at this point is just futile.

But I do have evidence that both appeals were sent to the BOP Southeast Regional Office in Atlanta, to the address that was kindly provided to me by the Warden on the responses to the BP-9s, which is: 3800 Camp Creek Parkway, SW. Building 2000, Atlanta, Georgia 30331-6226. Please see attached evidence as follows, showing that in both cases, the appeals were sent to the Regional Office and a copy was included to the Central Office on the BP-11 for them to notice it , they simply ignored it. Once the Regional Office received the mail it is their responsibility to handle it properly.

Evidence attached shows that Remedy ID 1205982 (16 months in Official Detention) was filed to the Regional Office:
a) Certified Mail Receipt showing tracking number 9589 0710 5270 1397 2457 67; stamped by my institution R&D mail department at FPC Pensacola on July 26, 2024.
b) USPS notification confirming that shipment with tracking number 9589 0710 5270 1397 2457 67 was delivered with an individual on 7/29/2024 at 1:49pm in Atlanta GA 30331.
c) Print out from the USPS website showing that the tracking 9589 0710 5270 2457 67 was received at its destination.

TRULINCS 28864510 - QUINTANA, NOEL - Unit: PEN-B-A

----------------------------------------------------------------------------------------

Evidence attached shows that Remedy ID 1209177 (FSA eligibility date) was filed to the Regional Office.
a) Photocopy of envelope containing the BP-10 before mailing showing the regional address, the certified mail and stamps.
b) Certified Mail Receipt on envelope showing tracking # 9589 0710 5270 1397 2515 84.
c) USPS notification confirming that shipment with tracking # 9589 0710 5270 1397 2515 84 was delivered to an individual on 9/3/24 at 213pm, Atlanta GA 30331
d) Print out from the USPS website showing that tracking 9589 5270 1397 2515 84 was received at its destination.

All tracking information can also be verified on the USPS website.

After 30 days and with no response from the Regional level I appealed to the Central office following BOP program statement 542.18 which says:.... "if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level"...

As the attached evidence shows, I exhausted my administrative remedy process in good faith for all the grounds ; the merits of the Petition should be addressed.

Thanks, respectfully,

Noel Quintana/28864510
FPC Pensacola

Pensacola



Retail

U.S. POSTAGE PAID
PM
HIALEAH, FL 33016
NOV 16, 2024

32502

$17.75

S2324H502712-13

RDC 03

⇔28864-510⇔
Clerk Of Court F L N D
1 N Palafox ST
US Federal Court Room 266
Pensacola, FL 32502-5658
United States

NOV 18 2024

**Handle with Care / Fragile**