Certified Translation from Montenegrin into English

/the Coat of Arms of Montenegro/

HIGH COURT IN PODGORICA
Pom. No.: 75/21
Date: 25 June 2021

HIGH COURT IN PODGORICA, investigating judge Vladimir Novovic, with the participation of the stenographer Hida Rasic, in the case against:

a) the citizen of the United States of America, Canada and the Republic of Cuba, Noel Quintana, alias Tomas Noel Quintana Valdespino, on the grounds of the international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35397 as of 02 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering, in violation of Title 18 of the United States Code, Section 1956 (h); and*

b) the citizen of the United States of America and the Republic of Cuba, Kelsy Quintana, alias Kelsy Hernandez Diaz, on the grounds of the international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35395 as of 03 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h);

pursuant to Article 17 of the Law on International Legal Help in Criminal Matters, the United Nations Convention Against Transnational Organized Crime, the Convention on Extradition between the Kingdom of Serbia and the United States of America, and Article 166 par. 1 and par. 2 items 1 and 6, Article 167 par. 1 and 6, Article 168 par. 1 and 2 of the Criminal Code, on 25 June 2021 at 11.35 a.m. passed the following

DECISION

The defendants with the following personal data:

1. Noel Quintana, alias Tomas Noel Quintana Valdespino, Passport No. 549900265 issued by the USA, HB632633 issued by Canada, K549223 issued by the Republic of Cuba, and the Temporary Stay Permit No. 106395877 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, father's name: Luis Quintana, mother's name: Mercedes Valdespino, born on 29 December 1959 in Havana, the Republic of Cuba, the citizen of the United States of America, Canada and the Republic of Cuba, having

1



residence in Budva, Rozino, street 16, retired, married, father of three children, literate, average financial standing, Unique Personal No.: 2912959234031 as in the Temporary Stay Permit No. 106395877 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva;

2. Kelsy Quintana, alias Kelsy Hernandes Diaz, Passport No. 545532432 issued by the USA and K839097 issued by the Republic of Cuba, and the Temporary Stay Permit No. 618298845 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, father's name: Jose Hernandez, mother's name: Ana Teresa Diaz, born on 02 May 1966 in Havana, the Republic of Cuba, having residence in Budva, Rozino, street 16, the citizen of the United States of America and the Republic of Cuba, by occupation an accountant, literate, married, mother of two children, average financial standing, Unique Personal No.: 0205966239035 as in the Temporary Stay Permit No. 618298845 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva;





## ARE HEREBY IMPOSED SUPERVISION MEASURES

- With regard to the defendant Noel Quintana, alias Tomas Noel Quintana Valdespino, on the grounds of international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35397 as of 02 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h); and

- With regard to the defendant Kelsy Quintana, alias Kelsy Hernandez Diaz, on the grounds of international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35395 as of 03 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h);

as follows:

- prohibition to leave the apartment located in Budva at the address: street 16, Rozino, in the way that the defendants herein are not allowed to leave the apartment located at the above address and the rooms that are functionally connected to the apartment, which measure shall be enforced by the Budva Police Department. Exceptionally, by means of a special decision it can be decided that the defendants may leave the apartment for a certain time period if necessary for medical treatment or due to special circumstances which may result in serious consequences for life, health and property;

- temporary seizure of travel documents of the defendant Noel Quintana, alias Tomas Noel Quintana Valdespino: USA passport no. 54990???? Canadian passport no.: HB632633, the

Republic of Cuba passport no.: K549223, and the Temporary Stay Permit No. 106395877 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, and temporary seizure of travel documents of the defendant Kelsy Quintana, alias Kelsy Hernandes Diaz, USA passport no. 545532432 and the Republic of Cuba passport no.: K839097, and the Temporary Stay Permit No. 618298845 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, which passports and temporary stay permits shall be kept in the court case files.

The defendants are hereby warned that violation of the above imposed measures may result in imposing the detention against them, whereas the said measures may last as long as the need may be, the longest until extradition.

The USA shall be notified through diplomatic channels about the supervision measures imposed herein and shall be required to request the extradition of the defendants herein.

An appeal against this Decision may be filed to the criminal panel of judges of this court in line with Article 24 par. 7 of the Criminal Procedure Law no later than 3 days following the receipt of this Decision.

The appeal shall not stay the execution of the Decision.

## Statement of Grounds

The officers of the Police Department in Podgorica brought before the above named investigating judge the following persons: Noel Quintana, alias Tomas Noel Quintana Valdespino, with the documents showing that the said person is the citizen of the United States of America, Canada and the Republic of Cuba, and that he is wanted by the USA based on the international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35397 as of 02 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h); and Kelsy Quintana, alias Kelsy Hernandez Diaz, with the documentation showing that the said person is the citizen of the United States of America and the Republic of Cuba, and that she is wanted by the USA based on international arrest warrant issued by NCB Interpol Washington, USA, No.: 2021/35395 as of 03 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h).

Investigating judge has interviewed the persons named above who have confirmed their personal data stated in the Interpol arrest warrant, and who have decided to defend themselves by remaining silent. The documentation delivered along with the defendants herein contains the data about the wanted

persons from which it can be concluded that one defendant is the citizen of the United States of America, Canada and the Republic of Cuba, while the second defendant is the citizen of the United States of America and the Republic of Cuba, meaning that the defendants herein are not the citizens of Montenegro. This court, as the court having jurisdiction to act in the cases of international legal help and extradition of defendants, received the request form the United States of America for temporary detention of the persons named in the enacting clause herein, whereas from the Interpol arrest warrant and the said request for temporary detention it is clear that the USA has an intention to request the extradition of said persons.

The defendants herein are foreign citizens who are subject of international arrest warrant, and therefore there is a risk of them fleeing the country. However, the defendants have temporary stay in Montenegro, and the risk of fleeing may be prevented by imposing supervision measures such as prohibition to leave the apartment and temporary seizure of travel documents, the measures imposed by the court with the aim to ensure the presence of the defendants for unobstructed conduct of the criminal proceeding.

When passing this Decision, the court took into account the principle of subsidiarity which implies that detention is imposed only if the same purpose may not be achieved by imposing a different measure, as well as the decisions of the European Court for Human Rights which support this principle, Letellier against France 12369/86 as of 26 June 1991, Mamedova against Russian 7064/05 as of 01 June 2006, and Mangouras against Spain 12050/04 as of 08 January 2009.

Based on the above said, it has been decided as in the enacting clause herein.

Stenographer,  
Hlda Rasic

Investigating judge,  
Vladimir Novovic

The accuracy of the engrossment  
verified by  
/signature/

/Round stamp reading:  
High Court, Podgorica, Montenegro/

The end of translation

I, Ana Rasovic, certified interpreter for the English language, appointed by the Decision of the Minister of Justice No. 03-745-1388/17-1, hereby certify that this translation is identical to its original made in Montenegrin language.

In Podgorica, 25 June 2021

/signature/  
/Round stamp: Ana Rašović, English language interpreter/translator, Podgorica/

4

**Official detention.   "Official detention" is defined**, for purposes of this policy, as time spent under a federal detention order.   This also includes time spent under a <u>detention</u> order when the court has <u>recommended</u> placement in a less secure environment or in a community based program as a condition of

*presentence detention.   In addition, on occasion it is necessary for the court to <u>order</u> placement in a less secure environment or in a community based program (including D.C. Department of Corrections' programs such as work release) because of overcrowding in the local place of detention.   A person under these circumstances remains in "official detention", subject to the discretion of the Attorney General and the U.S. Marshals'   * Service with respect to the place of detention.   Those defendants placed in a program and/or residence as a condition of detention are subject to removal and return to a more secure environment at the discretion of the Attorney General and the U.S. Marshals' Service, and further, remain subject to prosecution for escape from detention for any unauthorized absence from the

*   program/residence.   (If there is any question as to whether such a defendant was in fact under the jurisdiction of the U.S. Marshals' Service, i.e., in the custody of the Attorney General, staff shall contact the appropriate U.S. Marshal for verification.)   Such a defendant is not eligible for any credits while <u>released</u> from detention.

Page 1 - 14G

In <u>Reno v. Koray,</u> 115 S.Ct 2021 (1995), the U.S. Supreme Court held that time spent under restrictive conditions of release (including time spent in a community treatment center (CCC) or similar facility) was not official detention entitling an inmate to prior custody time credit under

18 U.S.C. § 3585(b).   The court found that the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prisons' interpretation that a defendant is **either released** (<u>with</u>

<u>no credit for time under conditions of release</u>) **or detained** (<u>with credit for time in official detention</u>).

progstat                                          1

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28864510

Koray has also overruled Brown v. Rison, 895 F.2d 895 (9th Cir. 1990). As a result, the awarding of presentence time credit under 18 U.S.C. § 3568 for time spent under restrictive conditions shall also be discontinued. Brown is the Ninth Circuit case that required the Bureau of Prisons to give time credit to a sentence for time spent in a CCC or similar facility.

The Koray decision means, therefore, that time spent in residence in a CCC or similar facility as a result of the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. In addition, a release condition that is "highly restrictive," and that includes "house arrest", "electronic monitoring" or "home confinement"; or such as requiring the defendant to report daily to the U.S. Marshal,

Page 1 - 14H

U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**

progstat                                   2

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28864510

Case 3:24-cv-00583-LC-MAL Document 2-3 Filed 11/18/24 Page 7 of 16



| | |
|---|---|
| **Offense:** | <u>Count One</u>: Co s cy to import into the United States hardwood plywood and to  .te the Lacey Act, 18 U.S.C. § 371, a Class D Felony |
| **Penalty:** | Not more than 5 years imprisonment, $250,000 fine, $100 special assessment |
| **Offense:** | <u>Count Three</u>: Smuggling hardwood plywood into the United States, 18 U.S.C. § 545, a Class C Felony |
| **Penalty:** | Not more than 20 years imprisonment, $84,000,000 fine, $100 special assessment |
| **Offense:** | <u>Count Six</u>: Failure to declare the importation of hardwood plywood in violation of the Lacey Act, 16 U.S.C. §§ 3372(f)(1) and 3373(d)(3)(A)(i), a Class D Felony |
| **Penalty:** | Not more than 5 years imprisonment, $250,000 fine, $100 special assessment |
| **Arrest Date:** | June 24, 2021: Arrested in Montenegro on outstanding warrant; detained pending extradition<br>October 26, 2022: Extradited to the United States; Arrest and Initial Appearance |
| **Release Status:** | October 28, 2022: Detained based on risk of flight |
| **Detainers:** | None |
| **Codefendants:** | |
| Kelsy Hernandez Quintana<br>PACTS No. 8276293 | 10/19/2023: Pled guilty to Counts One, Five, and Six<br>01/12/2024: Scheduled sentencing hearing |
| **Related Cases:** | Docket Number 23-20413-Cr-Altonaga, Southern District of Florida |

**Date Report Prepared:**
December 14, 2023 (CV)

**Date Report Revised:**
February 15, 2024 (SC) – After sentencing

Rev. 2/15/24

Attachment A

## Foreign Jail Credit Questionnaire
(Cuestionario de Credito de Carcel Extranjera)

Inmate Name: __Noel Quintana__
(Nombre completo del preso)

Inmate Federal Register Number: __28864510__
(Numero de registro del preso)

The above inmate has requested credit for time spent in custody in a foreign country. To process this request, please interview the inmate and obtain answers to the following questions: (El preso que se menciona arriba ha pedido credito por el tiempo que estuvo bajo custodia en un pais extranjero. Para procesar esta solicitud, entreviste al preso y obtenga respuestas a las siguientes preguntas.)

1. Were you deported from a foreign country? If so, what country?
(¿Fue usted deportado de un pais extranjero? ¿Si o no? Si respondio que si, ¿que pais?)
__YES I WAS deported FROM MONTENEGRO (EUROPE)__

2. Were you arrested on any local charges? If so, what were those charges and how were those charges resolved (e.g. dismissed or convicted with a sentence)? Are they pending? (¿Fue usted arrestado por un crimen local? ¿Si o no? si respondio que si, ¿cuales fueron esos cargos y como se resolvieron (ejemplo: desestimados o fue condenado con una sentencia)? ¿Continuan estos cargos pendientes?
__I HAD NO local charges in Montenegro. I WAS ARRESTED solely FOR EXTRADITION purposes, Following AN ARREST WARRANT FROM THE U.S Federal government FOR THE SAME charges I WAS SENTENCED AND I AM SERVING PRISON NOW.__

3. Did you serve a sentence in the foreign country? If so, when did you complete the foreign sentence? (¿Cumpliste una condena en el pais extranjero? ¿Si o no? si respondio que si, ¿cuando completaste la condena extranjera?)
__I did NOT SERVE ANY SENTENCE in Montenegro. I WAS in custody FOR EXTRADITION purposes__

4. Were you held in a foreign prison? If so, what was the name and location of the prison? (¿Estuviste preso en una carcel extranjera? ¿Si o no? si respondio que si, ¿cual es el
__I WAS NOT HELD IN A prison. THE COURT ORDERED DETENTION IN A less SECURED →__

nombre y la ubicacion de la carcel?)

ENVIRONMENT, SPECIFICALLY AN APARTMENT, UNDER constant police custody. The reasons for me to be held in an apartment was 1) local lawyers strike 2) Covid 19, My age and illnesses. See attached.

5. What dates were you held in custody? (¿Cuales son las fechas que estuvo detenido?)

From June 25, 2021 to October 26, 2022 (16 months) as per PSI

6. Were you ever released on any type of bond? If so, what dates were you released on bond? (¿Alguna vez lo liberaron bajo algun tipo de fianza? ¿Si o no? si respondio que si, ¿cuales son las fechas que fue liberado bajo fianza?)

No I was never released on any type of bond. I was always under constant police custody as per court documents show.

7. Did you use any other names in that country? If so, what were those names? (¿Usaste algun otro nombre en ese pais? ¿Si o no? si respondio que si, ¿cuales fueron esos nombres?)

They used my full name at birth: Tomas Noel Quintana Valdespino

8. Where you assigned a prisoner number? If so, what was it? (¿Fuiste asignado algun numero de preso? ¿Cual fue el numero?)

No prisoner number but my case number is 75/21 dated June 25, 2021

9. Please include any additional information that you feel may be helpful in the research and confirmation process. (Incluya cualquier informacion adicional que considere util en el proceso de investigacion y confirmacion.)

Counsel's phone numbers Mr. Nikola- 382 69 470 464 (speaks English)
Mr. Zoran Celebic 382 69 329 966 zoranceleic@gmail.com
1st Police Officer Danilo Knezevic 382 67 189 570 danilo.knezevic@gmail.com
Letter and court document attached from Montenegro

The information provided will be submitted to the Office of International Affairs for confirmation; please be as accurate and as thorough as possible. (La informacion sera presentada a la Oficina de Asuntos Internacionales para su confirmacion; por favor, sea lo mas preciso y detallado possible.)

Once you have completed this form, please scan this form, and e-mail it to the DSCC staff member who requested the information.



Honorable Judge Beth Bloom
U.S.. District Court
Southern District of Florida

Ref: Case # 21-CR-20245-BB. Request for time credit in case of possible jail sentence.

This communication is to request jail time credit for U.S. citizens Mrs. Kelsy Quintana and Mr. Noel Quintana in the event that they face any possible prison sentence in the U.S. and who were detained in Montenegro for sixteen months from June 25, 2021 to October 26, 2022 in consideration of the following facts:

Official Detention was solely for the purpose of extradition.
Detention consisted in complete prohibition to leave the apartment enforced by Montenegro Budva police at all times, twenty-four hours per day, seven days per week. A copy of the court order is attached.
This type of measurement by the court is considered equivalent to jail time in Montenegro.
Detention occurred during the peak time of the COVID-19 pandemic and it would have been very risky to place the elderly couple with chronic diseases with the prison population.
The Quintanas exhibited excellent behavior during their detention and complied with the detention measurements at all times.

Respectfully

Lawyers for Kelsy and Noel Quintana
Montenegro

_Nikola Bošković_
Street Vasa Raičkovića 2a. Podgorica 81 000, Montenegro

ADVOKAT
Nikola Bošković
Tel. 069 470 464

_Zoran Čelebić._
Bul. Ivana Crnojevića 85. Podgorica, 81 000. Montengro

ADVOKAT
Zoran Čelebić
ul. Ivana Crnojevića br. 85, PODGORICA
Tel. 069/329-966

*Letter from Montenegro Lawyers*

*Prison and Detention Center Conditions*

There were some reports regarding prison and detention center conditions that raised **human rights concerns**.

**Physical Conditions:** There were some poor conditions in prisons and pretrial detention facilities due to overcrowding and access to medical care. In the report issued following its 2017 visit to Montenegro, the CPT noted **problematic levels of prison overcrowding**, i.e., less than 32.3 square feet of space per inmate in multiple-occupancy cells in certain sections and remand prisoners confined to their cells for 23 hours a day without being offered activities for months or years. The CPT noted that material conditions in police stations it visited were not suitable for detaining persons for up to 72 hours due to structural deficiencies, such as poor access to natural light, inadequate ventilation, poor conditions of hygiene, and irregular provision of food. NGOs reported that detainees who were addicted to drugs, had mental disabilities, or had other disabilities continued to face difficulties in obtaining adequate treatment while detained.

The CPT also noted the level of serious interprisoner violence was a long-standing and persistent problem at the remand prison and the Institute for Sentenced Prisoners. During the year there were reports of cases of violence in the country's primary prison attributed to the long-standing "war" between the country's two main organized criminal groups, which prison authorities managed by taking preventive measures, such as providing separate accommodations and preventing contact between persons who are members of opposing criminal groups as well as other operational and tactical measures and actions, such as providing close personal supervision of individuals and conducting random periodic searches of their persons and accommodations. There were widespread reports that prison employees cooperated with members of organized criminal groups, including one in prison. Some such employees were prosecuted by authorities.

In 2020 the Council for Civilian Control of Police Operations noted poor conditions in the pretrial detention rooms in the security center in Niksic. In addition to lacking water and being equipped with damaged and dirty mattresses, overcrowding was a problem because there were only seven beds for the nine detainees. In other inspections of the security centers in **Podgorica** and Niksic, the council noted similar problems with overcrowding and a lack of capacity to provide basic services to detainees

Country Reports                                                   1

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use and terms and conditions of the Matthew Bender Master Agreement.

[handwritten annotation: Source 2021 Montenegro Country Report Human Rights Watch (ground 3)]

From May 24 through the end of July, the country's **Bar Association went on strike** in protest of proposed changes to the Law on Fiscalization, resulting in the suspension of court operations and the postponement of trials. The law regulates issuing of bills for products and services in real time through the internet and a fiscal service. Attorneys opposed the changes, claiming that they would violate client confidentiality, since bills submitted by attorneys would have to list the specific reason for the service. The changes would also create the possibility that fiscal inspectors could access protected client files during audits. Several NGOs involved in judicial matters, including the Association of Lawyers of Montenegro, European Association for Law and Finance, Human Rights Action, Women's Rights Center, Center for Civic Education, Association of Youth with Disabilities of Montenegro, Committee of Young Lawyers of Montenegro, Prima, Association of Parents, ADAMAS, and Alliance of Youth Workers released a statement noting the deleterious impact of the strike on the quick resolution of trial proceedings.

> Source
> 2021 Montenegro
> Country Report
> Human Rights
> Watch
> (ground 3)

Country Reports                                    1

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28864510

```
 MIMH7   540*23 *          SENTENCE MONITORING           *   04-30-2024
PAGE 001          *         COMPUTATION DATA             *   07:13:03
                             AS OF 04-30-2024

REGNO..: 28864-510 NAME: QUINTANA, NOEL


FBI NO............: 332404VF7          DATE OF BIRTH: 12-29-1959   AGE:  64
ARS1..............: MIM/A-HLD
UNIT..............: 4 DETC M           QUARTERS.....: D02-029U
DETAINERS.........: NO                 NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 05-24-2026

THE INMATE IS PROJECTED FOR RELEASE: 11-12-2026 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION.............: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER.....................: 1:21-CR-20245-BB(1)
JUDGE.............................: BLOOM
DATE SENTENCED/PROBATION IMPOSED: 02-14-2024
HOW COMMITTED.....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED.................: NO

                  FELONY ASSESS  MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.:   $300.00        $00.00           $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO       AMOUNT:  $00.00

--------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  081      18:545 CUSTOMS LAWS SMUGGLNG
OFF/CHG: 18:371 CONSPIRACY AGAINST THE US.18:545 SMUGGLING.16:3372
         FAILURE TO DECLARE.

 SENTENCE PROCEDURE...............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    57 MONTHS
 TERM OF SUPERVISION..............:     3 YEARS
 DATE OF OFFENSE..................: 04-23-2021




G0002       MORE PAGES TO FOLLOW . . .
```

*Computation Data From BOP showing that on 4/30/24 (After sentencing) I was in BOP custody at FDC Miami*

FEDERAL PRISON CAMP (FPC), PENSACOLA
PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
1205982-F1

This is in response to your Request for Administrative Remedy received July 17, 2024; wherein you requested the application of Foreign Jail Time Credits from June 24, 2021, to October 26, 2022.

The following response was issued by the Designation and Sentence Computation Center on July 3, 2024.

Based on documents contained in the official records, inmate Quintanta is not authorized credit under 18 U.S.C. 3585(b), for time spent in Montenegro. Office of International Affairs confirmed you were placed on home confinement on June 25th, 2021, and a ban on leaving your apartment was imposed on the same day which lasted through October 26, 2022. The Bureau of Prisons uses Title 18, USC 3585(b) to determine prior credit on a federal sentence. Title 18, USC 3585(b) states in part…"A release condition that is "highly restrictive," and that includes "house arrest," "electronic monitoring" or "home confinement"; or such requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention." As such, this time is not creditable as qualified presentence time credit.

Based on the memorandum, your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia 30331-6226. Your appeal must be received in that office within 20 days from the date of this response.

_____        _7/19/2024_
S. Saulsberry, Warden              Date

FILED USDC FLND PN
NOV 18 '24 AM 11:41

FEDERAL PRISON CAMP (FPC), PENSACOLA
PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
1209177-F1

This is in response to your Request for Administrative Remedy received August 14, 2024; wherein you requested the application of First Step Act (FSA) Federal Time Credits (FTCs) from the date of your sentencing (February 14, 2024) through the date you arrived at your designated institution (June 5, 2024).

An investigation into your request revealed that pursuant to Program Statement 5410.01. First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) Subsection 7 (page 10): Limitations on Earning of FTC's, "Despite being eligible to earn FTCs, there are situations where an inmate is unable or unwilling to participate in EBRR programs or PAs, and therefore cannot earn FTCs. Such circumstances may include, but are not limited to, the following:

- Placement in Disciplinary Segregation status;
- Designation status outside the institution (e.g., an outside medical trip or escorted trip, in-transit or at an in-transit facility, a furlough for the full day, etc.);
- Placement in the custody of another jurisdiction (e.g., on state or federal writ, transfer to state custody for service of sentence, transfer to another federal agency, etc.);
- Placement in mental health/psychiatric holds;
- Detention as a material witness or for civil contempt;
- Placement in civil commitment; or
- "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment)."

During the time-period in question, you were in an in-transit/holdover status and in a facility not under the custody and supervision of the Federal Bureau of Prisons. Therefore, during the time-period in question you were ineligible to accrue FTCs. Upon your arrival at your designated institution, you became eligible to accrue and apply Earned Time Credits and they have been appropriately calculated.

Based on the above, your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia 30331-6226. Your appeal must be received in that office within 20 days from the date of this response.

S. Saulsberry, Warden                                    Date 8/16/2024

Pensacola





Retail

U.S. POSTAGE PAID
PM
HIALEAH, FL 33016
NOV 16, 2024

32502

**$17.75**

S2324H502712-13

RDC 03

⇔ 28864-510 ⇔
Clerk Of Court F L N D
1 N Palafox ST
US Federal Court Room 266
Pensacola, FL 32502-5658
United States

NOV 1 8 2024

**Handle with Care / Fragile**