# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL QUINTANA,

     Petitioner,

v.                                 Case No. 3:24CV583/LC/MAL

SHERRY SAULSBERRY,
WARDEN FPC PENSACOLA

     Respondent

_____/

## <u>DECLARATION OF YVONNE GORDON</u>

     I, Yvonne Gordon, do hereby certify, declare, and state as follows:

1. I have been employed with the Federal Bureau of Prisons (BOP) since August 1999. I have worked in the area of inmate sentence computations since August 2007.   I have been employed as a Correctional Programs Specialist at the Designation and Sentence Computation Center since May 2023.

2. As a Correctional Programs Specialist, I have access to BOP records both computerized and hard files as they relate to the sentence computation of the Noel Quintana, federal register number 28864-510. I have audited and reviewed the records related to Mr. Quintana's sentence computation as he alleges he is entitled to foreign jail credit for time he spent pending extradition to the United States. The following explains Mr. Quintana's federal sentence computation.

3. On June 24, 2021, Petitioner was arrested in Montenegro on an outstanding warrant and was detained pending extradition.   Office of International Affairs confirmed Petitioner was placed on home confinement on June 25, 2021, Petitioner was ban from leaving apartment by the Ministry of Justice of Montenegro until October 26, 2022, when he was handed over to authorities of the United States of America.

4. On October 26, 2022, Petitioner was extradited to the United States.

5. On February 14, 2024, Petitioner was sentenced in the United States District Court for the Southern District of Florida, Case Number 1:21-CR-20245-BB(1) to 57 months for Conspiracy Against the United States, Smuggling, and Failure to Declare. The Court ordered, "Defendant is to receive credit for time served from October 26, 2022." *Attachment 1.*

6. On January 8, 2024, Petitioner submitted a request to his sentencing judge for foreign jail credit from June 25, 2021, through October 25, 2022. The request was entered into his criminal case 1:21-Cr-20245, case docket, as docket entry 120. *Attachment 2.*

7.  On June 24, 2024, after review of Mr. Quintana's documents in the official records, it was determined he was not authorized credit under 18 U.S.C. §3585(b), for the time he spent in Montenegro.   A memorandum was placed into Mr. Quintana's sentencing file noting the Office of International Affairs confirmed Mr. Quintana was placed on home confinement from June 25, 2021, and a ban on leaving his apartment was imposed that same day until October 26, 2022. It was determined Mr. Quintana's home confinement placement did not constitute official detention and was ineligible for jail credit. *Attachment 3.*

8.  Title 18 U.S.C. § 3585(b), and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, Title 18, U.S.C. 3585(B), states in part, "a release condition that is "highly restrictive," and that includes "house arrest", "electronic monitoring" or "home confinement"; or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention."   *Attachment 4.*

9.  Therefore, the foreign jail credit the Petitioner is seeking from June 24, 2021, through October 25, 2022, cannot be applied to the Petitioner's federal term as it was not time spent in official detention.

10. Petitioner's sentence computation has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, with a commencement date of February 14, 2024, with jail credit from October 26, 2022, through February 13, 2024. He has a projected released date of September 13, 2026, via First Step Act Release. He has received all jail credit due.

    I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 the foregoing is true and correct.

    Executed this 13 day of January 2025.


    YVONNE GORDON    Digitally signed by YVONNE GORDON
                     Date: 2025.01.13 09:33:46 -06'00'
    _____
    Yvonne Gordon
    Correctional Programs Specialist
    Designations & Sentence Computation Center
    Federal Bureau of Prisons

Attachment 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **1:21-CR-20245-BB(1)** |
| **NOEL QUINTANA** | § USM Number: **28864-510** |
| | § |
| | § Counsel for Defendant: **Gennaro Cariglio** |
| | § Counsel for United States: **Elinor Colbourn** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **1, 3, & 6 of the indictment.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 USC 371  Conspiracy Against The United States | 04/23/2021 | 1 |
| 18 USC 545 Smuggling | 04/23/2021 | 3 |
| 16 USC 3372 (f)(1) Failure To Declare | 04/23/2021 | 6 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  All remaining counts ☐ is  ☒ are dismissed on the motion of the United States

  It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

February 14, 2024
Date of Imposition of Judgment

Signature of Judge

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

February 14, 2024
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 2 of 7

DEFENDANT:          NOEL QUINTANA
CASE NUMBER:        1:21-CR-20245-BB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**57 Months.  Term consists of  57 months as to each of Counts 1, 3 and 6, terms to run concurrently**.  Defendant is to receive credit for time served from October 26, 2022.

☒  The Court makes the following recommendations to the Bureau of Prisons:  that the Defendant be designated to FCI Coleman.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

     ☐  at                          ☐  a.m.   ☐  p.m.    on

          ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

          ☐  before 2 p.m. on
          ☐  as notified by the United States Marshal.
          ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

                                                  UNITED STATES MARSHAL

                                                  By
                                                  DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 3 of 7

DEFENDANT:            NOEL QUINTANA
CASE NUMBER:          1:21-CR-20245-BB(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3)  years as to each of Counts 1, 3 and 6, terms to run concurrently.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

        You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:          NOEL QUINTANA
CASE NUMBER:     1:21-CR-20245-BB(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT:         NOEL QUINTANA
CASE NUMBER:     1:21-CR-20245-BB(1)

# SPECIAL CONDITIONS OF SUPERVISION

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Self-Employment Restriction:** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

Defendant is prohibited in engaging in businesses regarding importing/exporting in products specifically protected under the Lacey Act.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

- Defendant is to pay $1,630,324.46 in storage costs.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                    Judgment -- Page 6 of 7

DEFENDANT:          NOEL QUINTANA
CASE NUMBER:        1:21-CR-20245-BB(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $ | $.00 | | |

☐  The determination of restitution is deferred until        An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.
   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐  Restitution amount ordered pursuant to plea agreement $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the        ☐   fine        ☐   restitution

   ☐   the interest requirement for the        ☐   fine        ☐   restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of $ **0**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:           NOEL QUINTANA
CASE NUMBER:         1:21-CR-20245-BB(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☒    Lump sum payments of $300.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $300.00 for Counts 1, 3 and 6 , which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
      See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
      Several Amount, and corresponding payee, if appropriate.

☒    The defendant shall forfeit the defendant's interest in the following property to the United States:
      **FORFEITURE of the defendant's right, title and interest in certain property is hereby entered as ordered in ECF [127]
      and consistent with the plea agreement.  The United States shall submit a proposed Order of Forfeiture within three days
      of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Attachment 2

Honorable Judge Beth Bloom
U.S.. District Court
Southern District of Florida


Ref: Case # 21-CR-20245-BB. Request for time credit in case of possible jail sentence.

This communication is to request jail time credit for U.S. citizens Mrs. Kelsy Quintana and Mr. Noel Quintana in the event that they face any possible prison sentence in the U.S. and who were detained in Montenegro for sixteen months from June 25, 2021 to October 26, 2022 in consideration of the following facts:

Official Detention was solely for the purpose of extradition.
Detention consisted in complete prohibition to leave the apartment enforced by Montenegro Budva police at all times, twenty-four hours per day , seven days per week. A copy of the court order is attached.
This type of measurement by the court is considered equivalent to jail time in Montenegro.
Detention occurred during the peak time of the COVID-19 pandemic and it would have been very risky to place the elderly couple with chronic diseases with the prison population.
The Quintanas exhibited excellent behavior during their detention and complied with the detention measurements at all times.


Respectfully


Lawyers for Kelsy and Noel Quintana
Montenegro



*Nikola Bošković*
Street Vasa Raičkovića 2a.Podgorica 81 000, Montenegro

ADVOKAT
Nikola Bošković
Tel. 069 470 464

*Zoran Čelebić,*
Bul. Ivana Crnojevića 85. Podgorica, 81 000. Montengro


ADVOKAT
Zoran Čelebić
ul. Ivana Crnojevića br. 85. PODGORICA
Tel. 069/329-956

*Composite Exhibit "B"*

persons from which it can be concluded that one defendant is the citizen of the United States of America, Canada and the Republic of Cuba, while the second defendant is the citizen of the United States of America and the Republic of Cuba, meaning that the defendants herein are not the citizens of Montenegro. This court, as the court having jurisdiction to act in the cases of international legal help and extradition of defendants, received the request form the United States of America for temporary detention of the persons named in the enacting clause herein, whereas from the Interpol arrest warrant and the said request for temporary detention it is clear that the USA has an intention to request the extradition of said persons.

The defendants herein are foreign citizens who are subject of international arrest warrant, and therefore there is a risk of them fleeing the country. However, the defendants have temporary stay in Montenegro, and the risk of fleeing may be prevented by imposing supervision measures such as prohibition to leave the apartment and temporary seizure of travel documents, the measures imposed by the court with the aim to ensure the presence of the defendants for unobstructed conduct of the criminal proceeding.

When passing this Decision, the court took into account the principle of subsidiarity which implies that detention is imposed only if the same purpose may not be achieved by imposing a different measure, as well as the decisions of the European Court for Human Rights which support this principle, Letellier against France 12369/86 as of 26 June 1991, Mamedova against Russian 7064/05 as of 01 June 2006, and Mangouras against Spain 12050/04 as of 08 January 2009.

Based on the above said, it has been decided as in the enacting clause herein.

Stenographer,                                          Investigating judge,
Hida Rasic                                             Vladimir Novovic

The accuracy of the engrossment
verified by
/signature/

/Round stamp reading:
High Court, Podgorica, Montenegro/

*The end of translation*_____

I, Ana Rasovic, certified interpreter for the English language, appointed by the Decision of the Minister of Justice No. 03-745-1388/17-1, hereby certify that this translation is identical to its original made in Montenegrin language.

In Podgorica, 25 June 2021

Republic of Cuba passport no.: K549223, and the Temporary Stay Permit No. 106395877 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, and temporary seizure of travel documents of the defendant Kelsy Quintana, alias Kelsy Hernandes Diaz, USA passport no. 545532432 and the Republic of Cuba passport no.: K839097, and the Temporary Stay Permit No. 618298845 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, which passports and temporary stay permits shall be kept in the court case files.

The defendants are hereby warned that violation of the above imposed measures may result in imposing the detention against them, whereas the said measures may last as long as the need may be, the longest until extradition.

The USA shall be notified through diplomatic channels about the supervision measures imposed herein and shall be required to request the extradition of the defendants herein.

An appeal against this Decision may be filed to the criminal panel of judges of this court in line with Article 24 par. 7 of the Criminal Procedure Law no later than 3 days following the receipt of this Decision.

The appeal shall not stay the execution of the Decision.

**Statement of Grounds**



The officers of the Police Department in Podgorica brought before the above named investigating judge the following persons: Noel Quintana, alias Tomas Noel Quintana Valdespino, with the documents showing that the said person is the citizen of the United States of America, Canada and the Republic of Cuba, and that he is wanted by the USA based on the international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35397 as of 02 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA* and *selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h); and Kelsy Quintana, alias Kelsy Hernandez Diaz, with the documentation showing that the said person is the citizen of the United States of America and the Republic of Cuba, and that she is wanted by the USA based on international arrest warrant issued by NCB Interpol Washington, USA, No.: 2021/35395 as of 03 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h).

Investigating judge has interviewed the persons named above who have confirmed their personal data stated in the Interpol arrest warrant, and who have decided to defend themselves by remaining silent. The documentation delivered along with the defendants herein contains the data about the wanted

3

residence in Budva, Rozino, street 16, retired, married, father of three children, literate, average financial standing, Unique Personal No.: 2912959234031 as in the Temporary Stay Permit No. 106395877 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva;

2. Kelsy Quintana, alias Kelsy Hernandes Diaz, Passport No. 545532432 issued by the USA and K839097 issued by the Republic of Cuba, and the Temporary Stay Permit No. 618298845 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, father's name: Jose Hernandez, mother's name: Ana Teresa Diaz, born on 02 May 1966 in Havana, the Republic of Cuba, having residence in Budva, Rozino, street 16, the citizen of the United States of America and the Republic of Cuba, by occupation an accountant, literate, married, mother of two children, average financial standing, Unique Personal No.: 0205966239035 as in the Temporary Stay Permit No. 618298845 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva;

ARE HEREBY IMPOSED SUPERVISION MEASURES




- With regard to the defendant Noel Quintana, alias Tomas Noel Quintana Valdespino, on the grounds of international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35397 as of 02 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h); and

- With regard to the defendant Kelsy Quintana, alias Kelsy Hernandez Diaz, on the grounds of international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35395 as of 03 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences *conspiracy aimed at smuggling goods into the USA* and *selling or offering plants which have been transported or sold contrary to the USA law*, in violation of Title 18 of the United States Code, Section 371, *failure to declare* in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), *smuggling goods into the United States*, in violation of Title 18 of the United States Code, Sections 545 and 2, and *conspiracy to commit money laundering*, in violation of Title 18 of the United States Code, Section 1956 (h);

as follows:

- prohibition to leave the apartment located in Budva at the address: street 16, Rozino, in the way that the defendants herein are not allowed to leave the apartment located at the above address and the rooms that are functionally connected to the apartment, which measure shall be enforced by the Budva Police Department. Exceptionally, by means of a special decision it can be decided that the defendants may leave the apartment for a certain time period if necessary for medical treatment or due to special circumstances which may result in serious consequences for life, health and property;

- temporary seizure of travel documents of the defendant Noel Quintana, alias Tomas Noel Quintana Valdespino: USA passport no. 549900265, Canadian passport no.: HB632633, the

2

_Certified Translation from Montenegrin into English_____

/Coat of Arms of Montenegro/
HIGH COURT IN PODGORICA
Pom. No.: 75/21
Date: 25 June 2021

HIGH COURT IN PODGORICA, investigating judge Vladimir Novovic, with the participation of the stenographer Hlda Rasic, in the case against:

a) the citizen of the United States of America, Canada and the Republic of Cuba, Noel Quintana, alias Tomas Noel Quintana Valdespino, on the grounds of the international arrest warrant of NCB Interpol Washington, USA. No.: 2021/35397 as of 02 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences _conspiracy aimed at smuggling goods into the USA_ and _selling or offering plants which have been transported or sold contrary to the USA law_, in violation of Title 18 of the United States Code, Section 371, _failure to declare_ in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), _smuggling goods into the United States_, in violation of Title 18 of the United States Code, Sections 545 and 2, and _conspiracy to commit money laundering_, in violation of Title 18 of the United States Code, Section 1956 (h); and

b) the citizen of the United States of America and the Republic of Cuba, Kelsy Quintana, alias Kelsy Hernandez Diaz, on the grounds of the international arrest warrant of NCB Interpol Washington, USA, No.: 2021/35395 as of 03 June 2021, issued on the base of the arrest warrant of the United States District Court for the Southern District of Florida No. 21-20245-CR-UNGARO/REID as of 22 April 2021, with the purpose of extradition in order to conduct the criminal proceeding for the probable cause of having committed criminal offences _conspiracy aimed at smuggling goods into the USA and selling or offering plants which have been transported or sold contrary to the USA law_, in violation of Title 18 of the United States Code, Section 371, _failure to declare_ in violation of Title 16 of the United States Code, Sections 3372 (f) (1) and 3373 (d) (3) (A) (i), _smuggling goods into the United States_, in violation of Title 18 of the United States Code, Sections 545 and 2, and _conspiracy to commit money laundering_, in violation of Title 18 of the United States Code, Section 1956 (h);

pursuant to Article 17 of the Law on International Legal Help in Criminal Matters, the United Nations Convention Against Transnational Organized Crime, the Convention on Extradition between the Kingdom of Serbia and the United States of America, and Article 166 par. 1 and par. 2 items 1 and 6, Article 167 par. 1 and 6, Article 168 par. 1 and 2 of the Criminal Code, on 25 June 2021 at 11.35 a.m. passed the following

### DECISION

The defendants with the following personal data:

1. Noel Quintana, alias Tomas Noel Quintana Valdespino, Passport No. 549900265 issued by the USA, HB632633 issued by Canada, K549223 issued by the Republic of Cuba, and the Temporary Stay Permit No. 106395877 issued by the Ministry of Internal Affairs of Montenegro, Office in Budva, father's name: Luis Quintana, mother's name: Mercedes Valdespino, born on 29 December 1959 in Havana, the Republic of Cuba, the citizen of the United States of America, Canada and the Republic of Cuba, having

1

nombre y la ubicacion de la carcel?)

ENVIRONMENT, SPECIFICALLY AN APARTMENT, UNDER CONSTANT POLICE CUSTODY, THE REASONS FOR ME TO be HELD IN AN APARTMENT WAS A) LOCAL LAWYERS STRIKE B) COVID 19, MY AGE AND ILLNESSES. SEE ATTACHED.

5. What dates were you held in custody? (¿Cuales son las fechas que estuvo detenido?)

FROM JUNE 25, 2021 to OCTOBER 26, 2022 (16 MONTHS) AS PER PST

6. Were you ever released on any type of bond? If so, what dates were you released on bond? (¿Alguna vez lo liberaron bajo algun tipo de fianza? ¿Si o no? si respondio que si, ¿cuales son las fechas que fue liberado bajo fianza?)

NO I WAS NEVER RELEASED ON ANY TYPE OF BOND, I WAS ALWAYS UNDER CONSTANT police CUSTODY AS PER COURT DOCUMENTS SHOW.

7. Did you use any other names in that country? If so, what were those names? (¿Usaste algun otro nombre en ese pais? ¿Si o no? si respondio que si, ¿cuales fueron esos nombres?)

They used MY FULL NAME AT BIRTH : TOMAS NOEL BRATHWA Valdespino

8. Where you assigned a prisoner number? If so, what was it? (¿Fuiste asignado algun numero de preso? ¿Cual fue el numero?)

NO PRISONER NUMBER BUT MY CASE NUMBER IS 75/21 dated JUNE 25, 2021

9. Please include any additional information that you feel may be helpful in the research and confirmation process. (Incluya cualquier informacion adicional que considere util en el proceso de investigacion y confirmacion.)

COUNSELS phone NUMBERS MR. NIKOLA 382 69 470 464 (SPEAKS English)
MR. ZORAN Goluba 382 69 329 966 zoRAN.goluba @ gmail.com
1ST Police OFFICER DANILO KNEZEVIC 382 67 189 570 danilo. KNEZEVIC @ gmail.com
Letter and court document Attached FROM Monte negro

The information provided will be submitted to the Office of International Affairs for confirmation; please be as accurate and as thorough as possible. (La informacion sera presentada a la Oficina de Asuntos Internacionales para su confirmacion; por favor, sea lo mas preciso y detallado possible.)

Once you have completed this form, please scan this form, and e-mail it to the DSCC staff member who requested the information.

Attachment A

Foreign Jail Credit Questionnaire
(Cuestionario de Credito de Carcel Extranjera)

Inmate Name: _Noel Quintana_

(Nombre completo del preso)

Inmate Federal Register Number: _298 64 510_

(Numero de registro del preso)

The above inmate has requested credit for time spent in custody in a foreign country. To process this request, please interview the inmate and obtain answers to the following questions: (El preso que se menciona arriba ha pedido credito por el tiempo que estuvo bajo custodia en un pais extranjero. Para procesar esta solicitud, entreviste al preso y obtenga respuestas a las siguientes preguntas.)

1. Were you deported from a foreign country? If so, what country?
(¿Fue usted deportado de un pais extranjero? ¿Si o no? Si respondio que si, ¿que pais?)

_Yes I was deported from Montenegro (Europe)_

2. Were you arrested on any local charges? If so, what were those charges and how were those charges resolved (e.g. dismissed or convicted with a sentence)? Are they pending? (¿Fue usted arrestado por un crimen local? ¿Si o no? si respondio que si, ¿cuales fueron esos cargos y como se resolvieron (ejemplo: desestimados o fue condenado con una sentencia)? ¿Continuan estos cargos pendientes?

_I had no local charges in Montenegro. I was arrested solely for extradition purposes. Following an arrest warrant from the U.S federal government for the same charges I was sentenced and I am serving prison now_

3. Did you serve a sentence in the foreign country? If so, when did you complete the foreign sentence? (¿Cumpliste una condena en el pais extranjero? ¿Si o no? si respondio que si, ¿cuando completaste la condena extranjera?)

_I did not serve any sentence in Montenegro. I was in custody for extradition purposes_

4. Were you held in a foreign prison? If so, what was the name and location of the prison? (¿Estuviste preso en una carcel extranjera? ¿Si o no? si respondio que si, ¿cual es el

_I was not held in a prison. The court ordered detention in a less secured ..._

Attachment 3

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Designation and Sentence Computation Center*

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

June 24, 2024

MEMORANDUM FOR FILE

FROM:        C. Collier, Operations Manager
             Designation and Sentence Computation Center

SUBJECT:     QUINTANA, Noel
             Register Number: 28864-510

This is in response regarding the application of foreign jail
credits in the case of the above subject.

Based on documents contained in the official records, inmate
Quintana is not authorized credit under 18 U.S.C. §3585(b), for
time spent in Montenegro. Office of International Affairs
confirmed you were placed on home confinement on June 25, 2021,
and a ban on leaving your apartment was imposed on the same day
which lasted through October 26, 2022. The Bureau of Prisons uses
Title 18, USC § 3585(b) to determine prior custody credit on a
federal sentence. Title 18, USC § 3585(b) states in part… "A
release condition that is "highly restrictive," and that includes
"house arrest," "electronic monitoring" or "home confinement"; or
such as requiring the defendant to report daily to the U.S.
Marshal, U.S. Probation Service, or other person; is not
considered as time in official detention." As such, this time is
not creditable as qualified presentence time credit.

Please place this memorandum in the Judgment and Commitment file
for documentation. If you have any questions, please contact the
Designation and Sentence Computation Center at (972)595-3187.

Attachment 4

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14G

In <u>Reno v. Koray</u>, 115 S.Ct 2021 (1995), the U.S. Supreme Court held that time spent under restrictive conditions of release (including time spent in a community treatment center (CCC) or similar facility) was not official detention entitling an inmate to prior custody time credit under 18 U.S.C. § 3585(b).  The court found that the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prisons' interpretation that a defendant is **either released** (<u>with no credit for time under conditions of release</u>) **or detained** (<u>with credit for time in official detention</u>).

<u>Koray</u> has also overruled <u>Brown v. Rison</u>, 895 F.2d 895 (9th Cir. 1990).  As a result, the awarding of presentence time credit under 18 U.S.C. § 3568 for time spent under restrictive conditions shall also be discontinued.  <u>Brown</u> is the Ninth Circuit case that required the Bureau of Prisons to give time credit to a sentence for time spent in a CCC or similar facility.

The <u>Koray</u> decision means, therefore, that time spent in residence in a CCC or similar facility as a result of the <u>Pretrial Services Act of 1982</u> (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence.  In addition, a release condition that is "highly restrictive," and that includes "house arrest", "electronic monitoring" or "home confinement"; or such as requiring the defendant to report daily to the U.S. Marshal,

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14H

U.S. Probation Service, or other person; is not considered as time in official detention.  **In short, under <u>Koray</u>, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**

Any sentence computed for the first time before June 5, 1995, and that sentence reflects an award of prior custody time credits for time spent in a CCC or similar facility **shall** retain any credits applied, regardless of any sentence recomputation (e.g., for an addition or loss of prior custody time credits or modification of sentence, or as the result of a vacated sentence, including a sentence that was imposed after a retrial) that occurs on or after June 5, 1995.

Any sentence, computed for the first time on or after June 5, 1995, which reflects an award of prior custody time credits for time spent in a CCC or similar facility under conditions of release, that was not the result of a court order, shall be recomputed to void such credit.

If it is discovered during a sentence recomputation on or after June 5, 1995, that time was spent in a CCC or similar facility that should have been awarded as the result of a sentence computation performed prior to June 5, 1995, but was not awarded, such time **shall not** be given on the recomputation unless the court had ordered that such credit be given.

# Exhibit 2

# FSA Time Credit Assessment

Register Number:28864-510, Last Name:QUINTANA

## U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| Register Number....: 28864-510 | Responsible Facility: PEN |
| Inmate Name | Assessment Date.....: 12-02-2024 |
|   Last............: QUINTANA | Period Start/Stop...: 06-05-2024 to 12-02-2024 |
|   First...........: NOEL | Accrued Pgm Days....: 180 |
|   Middle..........: | Disallowed Pgm Days.: 0 |
|   Suffix..........: | FTC Towards RRC/HC..: 0 |
| Gender............: MALE | FTC Towards Release.: 60 |
| Start Incarceration: 02-14-2024 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 06-05-2024 | 12-02-2024 | accrue | 180 |

  Accrued Pgm Days...: 180
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

--- FSA Assessment(s) ------------------------------------------------------------

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 06-05-2024 | 07-03-2024 | R-MIN | 06-25-2024 14:42 | 10 |
| 002 | 07-03-2024 | 12-30-2024 | R-MIN | 06-25-2024 14:42 | 10 |

# FSA Time Credit Assessment

Register Number:28864-510, Last Name:QUINTANA

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

---

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
12-02-2024. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.


SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
Projected Release Date: 11-12-2026
Projected Release Method: GCT REL
FSA Projected Release Date: 09-13-2026
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 04-06-2026
SCA Conditional Placement Days: 365*
SCA Conditional Placement Date: 04-06-2025*
FSA Conditional Placement Days: N/A
FSA Conditional Placement Date: N/A
Conditional Transition To Community Date: 04-06-2025*
**\*Default SCA conditional placement days. This requires a five-factor review!**

---

# Exhibit 3

```
 MIAFH  531.01 *                  INMATE HISTORY              *    01-14-2025
PAGE 001 OF 001 *                   ADM-REL                   *    13:08:49


  REG NO..: 28864-510 NAME....: QUINTANA, NOEL
  CATEGORY: ARS        FUNCTION: PRT       FORMAT:


FCL      ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
PEN      A-DES      DESIGNATED, AT ASSIGNED FACIL 08-01-2024 1035 CURRENT
PEN      FURL MED   FURLOUGH-MEDICAL              08-01-2024 0719 08-01-2024 1035
PEN      A-DES      DESIGNATED, AT ASSIGNED FACIL 07-01-2024 1330 08-01-2024 0719
PEN      FURL MED   FURLOUGH-MEDICAL              07-01-2024 1009 07-01-2024 1330
PEN      A-DES      DESIGNATED, AT ASSIGNED FACIL 06-05-2024 0519 07-01-2024 1009
B16      RELEASE    RELEASED FROM IN-TRANSIT FACL 06-05-2024 0619 06-05-2024 0619
B16      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-05-2024 0234 06-05-2024 0619
TAL      HLD REMOVE HOLDOVER REMOVED              06-05-2024 0234 06-05-2024 0234
TAL      A-HLD      HOLDOVER, TEMPORARILY HOUSED  05-22-2024 1434 06-05-2024 0234
B14      RELEASE    RELEASED FROM IN-TRANSIT FACL 05-22-2024 1434 05-22-2024 1434
B14      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-22-2024 0141 05-22-2024 1434
MIM      HLD REMOVE HOLDOVER REMOVED              05-22-2024 0141 05-22-2024 0141
MIM      A-HLD      HOLDOVER, TEMPORARILY HOUSED  04-09-2024 1653 05-22-2024 0141
MIM      L HOSP USM ESC TRP TO LOC HOSP W/RETN-USM 04-09-2024 1006 04-09-2024 1653
MIM      A-HLD      HOLDOVER, TEMPORARILY HOUSED  02-16-2024 1934 04-09-2024 1006
MIM      ADM CHANGE RELEASE FOR ADMISSION CHANGE  02-16-2024 1933 02-16-2024 1934
MIM      A-HLD UN   HOLDOVER, UNSENTENCED INMATE  12-08-2023 1046 02-16-2024 1933
MIM      ADM CHANGE RELEASE FOR ADMISSION CHANGE  12-08-2023 1045 12-08-2023 1046
MIM      A-PRE      PRE-SENT ADMIT, ADULT         10-27-2022 1720 12-08-2023 1045



  G0000       TRANSACTION SUCCESSFULLY COMPLETED
```